JACQUELINE M. JAMES, ESQ.

THE JAMES LAW FIRM
445 HAMILTON AVENUE
SUITE 1102
WHITE PLAINS, NY 10601

T: (914) 358 6423
F: (914) 358 6424
JJAMES@JACQUELINEJAMESLAW.COM
JACQUELINEJAMESLAW.COM

**MEMO ENDORSED**
(page 2)

September 3, 2026

The Honorable Jennifer H. Rearden
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

***Re: 1:26-cv-02630-JHR; Plaintiff's Request for an Extension of Time Within Which to Effectuate Service on Defendant***

Dear Judge Rearden,

The James Law Firm, PLLC represents Plaintiff in the above captioned matter. This matter has been filed as a John Doe against the internet subscriber assigned the referenced IP address.

Pursuant to Fed. R. Civ. P. Rule 4(m), Plaintiff was initially required to effect service on the Defendant no later than June 29, 2026. Due to an administrative error, Plaintiff failed to file a request for an extension by June 29, 2026. Plaintiff just recently realized its error and apologizes to the Court for this oversight and assures the Court that it never intentionally disregarded the Court's deadlines. Plaintiff will be mindful of all deadlines moving forward and will strive to ensure to meet all deadlines set by this Court.

Plaintiff files now this request for entry of an order extending the time within which to effectuate service on John Doe Defendant and states:

On March 31, 2026, Plaintiff filed the instant case against John Doe subscriber assigned IP address 98.15.67.94 claiming Defendant's direct infringement of Plaintiff's works through BitTorrent protocol.

On April 13, 2026, Plaintiff filed a Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference ("Motion for Leave") in order to serve a third-party subpoena on Defendant's ISP.

On June 2, 2026, the Court granted Plaintiff leave to serve a third-party subpoena. Plaintiff served Defendant's ISP with a third-party subpoena on or about June 11, 2026, and in

accordance with the time allowances provided to both the ISP and Defendant, expects to receive the ISP response on or about September 14, 2026.

Because Plaintiff does not expect to receive the ISP response until September 14, 2026 and Defendant's identity is unknown to Plaintiff at this time, Plaintiff is unable to comply with the current deadline to effect service of process.

Plaintiff respectfully requests that the deadline to effect service be extended for sixty (60) days from September 14, 2026 (the date Plaintiff expects to receive the ISP response), and thus the deadline to effect service be extended to November 13, 2026. This extension should allow Plaintiff time to receive the ISP response, to conduct a further investigation to assist in determining whether the individual identified by the ISP is the appropriate defendant for this action, and, if a good faith basis continues to exist, to proceed against that individual (or someone else), amend the Complaint to name the Defendant and attempt to effect service of process on that individual.

For the foregoing reasons, Plaintiff respectfully requests that the time within which it has to effectuate service of the summons and Amended Complaint on Defendant be extended to November 13, 2026.

Respectfully Submitted,

By: /s/*Jacqueline M. James*
Jacqueline M. James, Esq. (1845)
The James Law Firm, PLLC
445 Hamilton Avenue, Suite 1102
White Plains, New York 10601
T: 914-358-6423
F: 914-358-6424
jjames@jacquelinejameslaw.com

Application GRANTED. Plaintiff has failed to demonstrate good cause pursuant to Federal Rule of Civil Procedure 4(m). See *Oyewole v. Ora*, 291 F. Supp. 3d 422, 430 (S.D.N.Y. 2018) ("[A] delay in service resulting from the mere inadvertence, neglect, or mistake of a litigant's attorney does not constitute good cause."), *aff'd*, 776 F. App'x 42 (2d Cir. 2019). Nevertheless, the Court exercises its discretion to extend *nunc pro tunc* to **November 13, 2026** the time for Plaintiff to complete service on Defendant. See *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007) ("hold[ing] that district courts may exercise their discretion to grant extensions under Rule 4(m) absent a showing of good cause"). No further service-related extensions will be granted in the absence of good cause.

The Clerk of Court is directed to terminate ECF No. 9.

SO ORDERED.

Jennifer H. Rearden

Jennifer H. Rearden, U.S.D.J.
Dated: September 8, 2026